# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

| | |
|---|---|
| RADERRIO T. WILKINS-JAMES<br>5023 12TH Street, NE<br>Washington, DC 20017<br><br>        Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br>1350 Pennsylvania Avenue<br>Washington, D.C. 20005<br>    Serve:<br>    Mayor Anthony Williams<br>    Executive Office of the Mayor<br>    1350 Pennsylvania Avenue<br>    Washington, D.C. 20005<br>    Serve:<br>    Office of the Attorney General<br>    441 4th Street, NW<br>    6th Floor<br>    Washington, DC 20001<br><br>        and<br><br>DC Metropolitan Police Officer Craig Solgat,<br>Individual and Official Capacites<br>300 Indiana Avenue, NW<br>Washington, DC 20001<br><br>        Defendants. | Civil Action No. **0002347-09** |

## COMPLAINT

COMES NOW Plaintiff Raderrio T. Wilkins-James ("Plaintiff" or "Wilkins-James) and files this Complaint for damages against the District of Columbia ("DC") and DC Metropolitan Police Office Craig Solgat ("Officer Solgat") as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is invoked pursuant to Section 11-921 of the DC Code.

2. Venue is proper within the jurisdiction of DC because Defendants are located in the District of Columbia and the incidents herein occurred in the District of Columbia.

## PARTIES

3. Plaintiff is and was at all times relevant herein an adult resident of DC.

4. Defendant DC is a municipal government operating under the DC Self Government Act and DC Metropolitan Police Department is on duty thereof.

5. Defendant Solgat was at times relevant herein an employee of the DC Government, as a police officer for the DC Metropolitan Police Department.

## FACTS COMMON TO ALL COUNTS

6. On the afternoon of Saturday, March 29, 2008, Plaintiff received eight complimentary hand-delivered tickets to the Washington Nationals exhibition baseball game scheduled for 6:00 p.m. that evening.

7. Plaintiff was invited, along with several other constituents of the District of Columbia, to attend the Grand Opening of the new baseball stadium as guests of the Honorable Councilmember Marion Barry and his staffers.

8. Because Plaintiff was in possession of all eight of the tickets given to him, one for himself and the others for seven of his fraternity brothers, Plaintiff arrived at the Washington Nationals Park (hereinafter referred to as the "ballpark") early to meet his companions in front of the VIP Will Call Tent.

9. Plaintiff arrived at approximately 5:20 p.m. to the designated location and stood

against the street lamppost, which was directly in front of the VIP Will Call Tent and a few feet away from the Main Entrance, briefly engaging in a conversation with former DC Councilmember Sandy Allen.

10. As Ms. Allen walked approximately 3-4 feet away to smoke a cigarette, Plaintiff received a cell phone text message from one of his guests, stating that he was in the vicinity and trying to locate the VIP Will Call Tent.

11. As Plaintiff proceeded to respond to the text message, Officer Solgat confronted Plaintiff, grabbed him by his arm and demanded that he step into the center of the street.

12. Plaintiff asked for an explanation for Officer Solgat's actions, and he responded that Plaintiff "looked like a scalper."

13. Officer Solgat then told Plaintiff to shut his mouth.

14. Hence, at no time could Plaintiff explain the aforementioned circumstances.

15. Moreover, at no time did Officer Solgat observe Plaintiff's interactions on any part relative to giving and/or selling tickets to anyone and therefore had no evidence to bolster his unfounded suspicion that Plaintiff was indeed a ticket scalper.

16. As a matter of fact, all eight tickets remained in Plaintiff's possession.

17. Nonetheless, Officer Solgat immediately detained Plaintiff, placed him under arrest, handcuffed and searched him.

18. Plaintiff was taken to the First District police station where he was fingerprinted, photographed and placed in a cell.

19. During that time period, despite repeated requests, police officers involved in Plaintiff's arrest, detention and imprisonment refused to allow Plaintiff to make a telephone call, to

contact his lawyer or to use the restroom.

20. Plaintiff was charged with "Selling Tickets on Public Space."

21. Plaintiff, an accomplished professional, was horrified by the experience given his innocence.

22. At no time did Plaintiff sell tickets on a public space or otherwise participate in any scalping activities.

23. Upon information and belief, Officer Solgat knowingly and/or intentionally provided a falsified written statement produced upon a P.D. 163 formal D.C. Police Arrest/Prosecution Report, claiming that he witnessed Plaintiff selling two tickets to a white male.

24. Upon information and belief, Officer Solgat never identified the "white male" to whom Plaintiff allegedly sold two tickets, nor did Officer Solgat arrest that person.

25. Upon information and belief, Officer Solgat knowingly and/or intentionally falsified formal DC police records in an attempt to justify and/or for the purpose of effectuating Plaintiff's arrest and prosecution without probable cause.

26. At all times referenced herein, Officer Solgat acted with malice and ill will.

27. The aforementioned charge against Plaintiff for "Selling Tickets on Public Space" was ultimately dismissed by the Superior Court of the District of Columbia.

28. Upon information and belief, none of the DC police officers involved in the execution of the subject arrest of Plaintiff have been disciplined.

29. By virtue of its failure to discipline its police officer(s) for making illegal arrests and falsifying allegations against innocent person(s), Defendant DC encouraged its officer(s) to conduct this unlawful arrest.

30.     Plaintiff asserts the theory of *respondeat superior*.

31.     On or about April 17, 2008, Plaintiff filed a complaint with the Government of the District of Columbia Office of Police Complaints regarding the incident as alleged in the instant complaint.

32.     On or about September 17, 2008, the undersigned sent correspondence to the Honorable Adrian Fenty c/o Office of Risk Management, pursuant to Section 12-309 of the District of Columbia Code, giving notice of Plaintiff's instant claim to the District of Columbia.

33.     On or about September 30, 2008, the undersigned received correspondence from the District of Columbia Office of Risk Management, acknowledging receipt of the letter notifying the Mayor of Plaintiff's instant claim against the District of Columbia.

## COUNT I
## FALSE IMPRISONMENT
(All Defendants)

34.     Plaintiff hereby incorporates by reference all the allegations contained in Paragraphs 1-33 as if fully set forth herein.

35.     All Defendants unlawfully and without legal justification detained Plaintiff against his will.

36.     As a direct and proximate result of his false imprisonment, Plaintiff suffered embarrassment, humiliation, mental anguish, emotional distress and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a)     Judgment against all Defendants, jointly and severally, for compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

(b)     Judgment against Defendant Solgat for punitive damages in an amount in excess of

One Hundred Thousand Dollars ($100,000.00); and

(c)     Judgment against Defendants for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

## COUNT II
## FALSE ARREST
### (All Defendants)

37.     Plaintiff hereby incorporates by reference all the allegations contained in Paragraphs 1-36 as if fully set forth herein.

38.     Defendants unlawfully and without legal justification arrested Plaintiff.

39.     As a direct and proximate result of his false arrest, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional distress and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a)     Judgment against all Defendants, jointly and severally, for compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00)

(b)     Judgment against Defendant Solgat for punitive damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00); and

(c)     Judgment against Defendants for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

40.     Plaintiff hereby incorporates by reference all the allegations contained in Paragraphs

1- 39 as if fully set forth herein.

41. All Defendants engaged in extreme and outrageous conduct by falsely accusing Plaintiff of a crime to which he did not commit and arresting and detaining him.

42. As a direct and proximate result of Defendants' actions, Plaintiff suffered embarrassment, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a) Judgment against all Defendants, jointly and severally, for compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00)

(b) Judgment against Defendant Solgat for punitive damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00); and

(c) Judgment against Defendants for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

## COUNT IV
## ASSAULT AND BATTERY
### (Defendant Solgat)

43. Plaintiff hereby incorporates by reference all the allegations contained in Paragraphs 1- 42 as if fully set forth herein.

44. Defendant Solgat created fear and unreasonable apprehension in Plaintiff through unlawful and unjustified touching or contact with his person.

45. Defendant Solgat, in his individual capacity, while working in the course of his employment and the scope of his authority, touched Plaintiff by forcefully grabbing his arm, without provocation or consent.

46. As a further, direct and proximate result of Defendant Solgat's actions, Plaintiff suffered extreme embarrassment, humiliation, physical pain and suffering and mental anguish.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a) Judgment against Defendant Solgat for compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

(b) Judgment against Defendant Solgat for punitive damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00); and

(c) Judgment against Defendant Solgat for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

## COUNT V
## ABUSE OF PROCESS
### (Defendant Solgat)

47. Plaintiff hereby incorporates by reference all the allegations contained in Paragraphs 1-46 as if fully set forth herein.

48. Defendant Solgat willfully falsified information to justify and/or effectuate Plaintiff's arrest without probable cause.

49. Based upon Defendant Solgat's willful act, Plaintiff was detained, arrested, imprisoned and prosecuted for shoplifting without probable cause.

50. As a direct and proximate result of his false arrest, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional distress and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(b) Judgment against Defendant Solgat for compensatory damages in an amount in

excess of One Hundred Thousand Dollars ($100,000.00);

(d)     Judgment against Defendant Solgat for punitive damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00); and

(e)     Judgment against Defendant Solgat for reasonable attorney fees, costs and such other relief as this Court deems just and proper.

**COUNT VI**
**42 U.S.C. §1983**
**DEPRIVATION OF CIVIL RIGHTS**
**( Defendant Solgat)**

51.     Plaintiff hereby incorporates by reference all the allegations contained in Paragraphs 1-50 as if fully set forth herein.

52.     Defendant Solgat, under color of law, acted with malice, intent, indifference and reckless disregard towards Plaintiff's physical security, in violation of his Fourth Amendment rights under the U.S. Constitution.

53.     As a direct and proximate result of Defendant Solgat's actions and/or omissions, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional distress and loss of self-esteem.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters:

(a)     Judgment against Defendant Solgat for compensatory damages in an amount in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

(b)     Judgment against Defendant Solgat for punitive damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00) each; and

(c)     Judgment against Defendant Solgat for reasonable attorney fees, costs and such other

relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues.

                                          Respectfully submitted,

                                          _____
                                          Donald M. Temple # 408749
                                          TEMPLE LAW OFFICES
                                          1229 15th Street, NW
                                          Washington, D.C. 20005
                                          (202)628-1101
                                          dtemplelaw@aol.com

                                          Counsel for Plaintiff